Case 7:24-cv-00013   Document 18   Filed on 03/20/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN D PENA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:24-CV-00013 |
| | § | |
| LOWES HOME CENTERS, LLC, | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now before the Court is Defendant Lowes Home Centers, LLC's Motion for Summary Judgment. [Dkt. 10] Upon consideration of the Motion, the subsequent briefing [Dkt. 14-15], the summary judgment evidence, and the applicable law, the Court finds that the record forecloses the possibility that Defendant had a duty to warn of the allegedly hazardous condition that allowed for Plaintiff's injury. Accordingly, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment.

**I.    Background**

This "slip and fall" case arises from an incident that occurred on May 15, 2023, at a Lowe's store located in Pharr, Texas. [Dkt. 1-4, ¶5.2] While shopping in the landscaping area of the store, Plaintiff allegedly pulled his shopping cart over some loose rocks, one of which caused his cart to stop. [Dkt. 10-A, Ans. to Int. 2; Dkt. 14, p.1] The cart then jammed into Plaintiff's ankle, causing injury. Plaintiff subsequently filed suit on or about November 8, 2023, in Hidalgo County, and Defendant timely removed the case to this Court on the basis of diversity jurisdiction. [Dkt. 1] Plaintiff alleges one count of premises liability, on which Defendant now moves for summary judgment.

**II.    Standard of Review**

A district court must grant summary judgment when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit under the governing law and is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party moving for summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings and materials in the record, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(a), (c). Once the moving party carries its burden, the burden shifts to the nonmovant to go beyond the pleadings and provide specific facts showing the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(c). In conducting its review of the summary judgment record, the court "may not make credibility determinations or weigh the evidence" and must resolve doubts and reasonable inferences regarding the facts in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255; *Dean v. City of Shreveport*, 438 F.3d 448, 454 (5th Cir. 2006). However, the nonmovant cannot satisfy its burden with "conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *see also Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.").

### III. Analysis

As an initial matter, the Court must address Defendant's assertion that Plaintiff has brought a premises liability claim rather than a negligence claim, which, under Texas law, are separate and

distinct causes of action. The difference between these two claims has been well-established by Texas courts:

> Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. Negligence in the former context means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done. Negligence in the latter context means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about.

*Brawhaw v. Kroger Co.*, No. 3:09-CV-1373-L, 2010 WL 3703850, at *2 (N.D. Tex. Sept. 22, 2010) (quoting *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex.1998)); *see also Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Put more simply, "In Texas, a plaintiff alleging injuries that occurred as a result of conditions while on the premises of another must pursue his claim under a premises liability theory." *Lusk v. Kroger & Kroger Texas, L.P.*, No. CIV. 3:09-CV-0521-O, 2010 WL 26445, at *2 (N.D. Tex. Jan. 6, 2010).

Although Plaintiff's First Amended Petition, the live pleading here, says Defendant acted "negligently and with "negligent conduct," Plaintiff alleges he "was seriously injured as a result of a dangerous condition" of the premises rather than by an activity. [Dkt. 1-4, ¶¶5.3, 6.3, 6.5] Moreover, Plaintiff does not dispute in his Response Defendant's argument that his claim sounds in premises liability. The Court, therefore, finds that Plaintiff has brought a premises liability claim and will address said claim accordingly. *See Ovalle v. United Rentals N. Am., Inc.*, No. 21-11076, 2022 WL 4009181, at *2 (5th Cir. Sept. 2, 2022) ("Claims will be viewed in their true character regardless of how a plaintiff categorizes them.").

Under the substantive law of Texas, which applies in this diversity case, "[p]remises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The parties here agree upon Plaintiff's status as an "invitee"—one who enters

another's property with the owner's knowledge and for the mutual benefit of both—at all times relevant to this suit. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). An injured invitee sustains a premises liability claim against a property owner by establishing the following elements: (1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the owner had actual or constructive knowledge—that is, it knew or reasonably should have known—of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure served as a proximate cause of injury to the invitee. *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014); *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009). "[A] defendant in a premises case is liable only to the extent it owes the plaintiff a legal duty." *Sanchez v. Dolgencorp of Texas, Inc.*, No. 23-40536, 2024 WL 2846072, at *1 (5th Cir. June 5, 2024).

Defendant argues it is entitled to summary judgment for three reasons: (1) because the rocks were an open and obvious condition that Plaintiff knew of, so Defendant owed Plaintiff no duty as a matter of law; (2) because the rocks did not create an unreasonable risk of harm because they were open and obvious, and Plaintiff admitted he saw the rocks prior to his injury; and (3) because Plaintiff cannot establish proximate cause as his injury was caused solely by his own conduct in failing to control the cart he was pulling, and also because Plaintiff's injuries were not foreseeable. [Dkt. 10, p.2] Plaintiff does not respond to the second or third argument. Instead, Plaintiff admits that the rocks were an open and obvious condition but argues that the "necessary use exception" applies here. The Court need not address Defendant's second or third arguments (or the lack of response thereto) because Plaintiff has failed to supply any evidence to demonstrate that applicability of the necessary use exception.

As a general rule, a property owner's duty of ordinary care obligates it "to make safe or warn against any concealed, unreasonably dangerous conditions of which the [ ]owner is, or

reasonably should be, aware but the invitee is not." *Austin*, 465 S.W.3d at 203. "[I]n most circumstances, [an owner] who provides an adequate warning acts reasonably as a matter of law," and it "generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Id.* at 204. However, Texas recognizes an exception to this general rule, termed the "necessary use exception," which prevents a property owner from disclaiming its duty "when the facts demonstrate that (1) it was necessary that the invitee use the unreasonably dangerous premises and (2) the [ ]owner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them." *Austin*, 465 S.W.3d at 207. Whether the necessary use exception applies is a question of law. *See Allen Keller Co. v. Foreman*, 343 S.W.3d 420, 425 (Tex. 2011); *Sanchez*, 2024 WL 2846072.

      Defendant argues that the necessary use exception does not apply here because Plaintiff has failed to present any evidence that it was necessary for him to traverse the rocks. The Court agrees. Although Plaintiff alleges that in his deposition, he testified that "there was no other exit available to him," [Dkt. 14, p.5], his deposition testimony is not in the record. In fact, the only evidence Plaintiff has submitted for the summary judgment record is a copy of Defendant's motion. [Dkt. 14] Defendant, on the other hand, provides a diagram of the premises that quite clearly shows an opening on both ends of every aisle in the landscaping section, where the incident allegedly occurred. [Dkt. 15-2]; see *Ovalle*, 2022 WL 4009181, at *3. Because Plaintiff's story changes between his pleading, discovery responses, and response, his path to the landscaping section and then from the landscaping section to the checkout is somewhat unclear. Based on Plaintiff's claim that the rocks obstructed his path "to and from" the merchandise he sought to buy, Defendant understands Plaintiff to assert that he passed over the rocks once to reach the merchandise, at which point he had no choice but to go back over the rocks in order to exit the aisle. [Dkt. 15, p.7] Plaintiff does not dispute this version of events. Assuming this to be true,

Plaintiff has not provided any evidence to support an assertion that he needed to pass over the rocks either once or twice. As Defendant notes, Plaintiff had several alternatives available to him, including asking an employee to retrieve the goods he was seeking to buy, moving the rocks aside before pulling the cart down the aisle[1], and pushing the cart (as it was designed) rather than pulling it.[2] [Dkt 15, pp. 16-17]

Defendant argues that, because Plaintiff has not supported this assertion—that he had no choice but to pass over the rocks—with any materials in the record, he has failed to meet the Rule 56(c)(1) requirement. Again, the Court agrees. Pursuant to Rule 56(e), this failure allows the Court to grant summary judgment: "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by 56(c), the court may. . . grant summary judgment." Plaintiff makes one final attempt to oppose summary judgment by arguing that his own changing story creates a genuine issue of material fact. [Dkt. 14, p.5] This argument is meritless. The fact that Plaintiff cannot keep his story consistent may create a credibility issue, but it does not bar summary judgment—a party cannot bypass summary judgment simply by contradicting himself.

IV.   **Conclusion**

The Court hereby **ORDERS** Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment **GRANTED**. All of Plaintiff's claims against Defendant are **DISMISSED** with prejudice.

---

[1] Plaintiff claims he was "kicking the rocks with his foot out of his way" while "hauling his cart," thereby admitting that he could have moved the rocks on his own. [Dkt. 15, p.1; Dkt. 10-A, Req. to Admit 6]

[2] Plaintiff claims he informed Defendant's employee of the rocks and then waited 15 minutes for assistance, but he does not explain why he could not wait more than 15 minutes or why he could not ask for help a second time or check to see if help was forthcoming. [Dkt. 14, p.1]

6 / 7

SO ORDERED March 20, 2025, at McAllen, Texas.

_____
Randy Crane
Chief United States District Judge